# IN THE COURT OF APPEALS OF IOWA

No. 16-1514
Filed August 16, 2017

**NICHOLAS JAMES OLIVER HEBDON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Clinton County, Stuart P. Werling, Judge.

An applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Nicholas Hebdon appeals the district court's denial of his application for postconviction relief (PCR).  In September 2010, Hebdon entered guilty pleas to intimidation with a dangerous weapon and conspiracy to commit murder.  He was sentenced to two, ten-year terms of incarceration, to be served consecutively.  He did not file a direct appeal of his convictions, but in September 2013, he filed an application for postconviction relief.  After hearing testimony from Hebdon, Hebdon's sister, and Hebdon's trial counsel, the district court denied the application.  Hebdon asserts the district court incorrectly denied his claim that his trial counsel was ineffective in failing to adequately advise him of the diminished responsibility and insanity defenses, and because of counsel's failure, he could not make an informed decision regarding whether to plead guilty.

We review de novo a claim of ineffective assistance of counsel.  *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).  We "make an independent evaluation of the totality of the circumstances as shown in the entire record."  *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001) (citation omitted).  "In conducting our de novo review, 'we give weight to the lower court's findings concerning witness credibility.'"  *King v. State*, 797 N.W.2d 565, 571 (Iowa 2011) (citation omitted).  The deference is due to the district court's firsthand opportunity to observe the witnesses testifying.  *Turner*, 630 N.W.2d at 606.

To prove trial counsel was ineffective, Hebdon has to show by a preponderance of the evidence (1) counsel failed to perform an essential duty and (2) counsel's failure resulted in prejudice.  *See Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011).  "An attorney breaches an essential duty when 'counsel's

representation [falls] below an objective standard of reasonableness.'" *Id.* (alteration in original) (citation omitted). When a defendant pleads guilty, in order to prove prejudice, he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 136 (Iowa 2006) (citation omitted).

At the PCR trial, Hebdon insisted he never saw the experts' psychiatric reports or discussed the insanity defense or diminished responsibility defense with trial counsel. Yet he also testified his recollection of the events leading up to and including the plea and sentencing hearing was "blurry" due to his mental health condition and medications, and he acknowledged his recollection of the discussions he had with counsel may not be complete. While trial counsel did not have a recollection of the specifics of his representation of Hebdon, he did testify he has a policy of always giving all discovery, including expert reports, to all clients unless a client specifically asks not to have it in their possession. In addition, he testified he typically discusses plea offers with clients, including the available defenses and potential punishment if the client decides to go to trial, but he lets the clients make the ultimate decision regarding whether to take the plea offer and there is no incentive for him to get a client to plead guilty.

After listening to the testimony, the PCR court found that Hebdon's and his sister's testimony were less credible than trial counsel's testimony. The court found Hebdon and his sister's testimony inconsistent and conflicting, while finding counsel's testimony consistent. In its ruling, the district court credited the testimony of Hebdon's trial counsel, finding the attorney "did inform Hebdon of

his rights to assert diminished capacity or insanity as a defense at trial and that Hebdon opted to avoid trial and accept the plea as offered." The court further found the attorney "made reasonable inquiry into [Hebdon's] mental health status and upon receiving the [forensic psychiatric examination reports from the defense expert and the State's expert], allowed [Hebdon] to make the determination whether or not to proceed to trial." The court concluded:

> It is clear from [the attorney's] testimony he explained the differences in the terms of incarceration facing his client if he went to trial and was convicted versus the term of incarceration if he took the plea offer. In addition, he explained the weaknesses of his defenses and, based on his years of experience, his opinion as to the likelihood that the jury would accept the defenses. Based on this information, it was Hebdon's wise choice to accept the plea.
> The Court finds [the attorney] was not ineffective based upon the entire record and totality of the circumstances because his performance was within the range of normal competency.

Upon our de novo review of the record, giving deference to the district court's credibility decision, we agree Hebdon has failed to prove counsel failed to perform an essential duty. His ineffective-assistance claim thereby fails. We affirm the decision of the district court.

**AFFIRMED.**